UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RODNEY DEE ROBBINS, JR.,

    Plaintiff,

  v.           Case No. 18-CV-990

DR. LAURA KLECZKA,

    Defendant.

---

## ORDER AND RECOMMENDATION

Currently pending before the court is Rodney Dee Robbins, Jr.'s Request to Proceed in District Court without Prepaying the Filing Fee. Having reviewed Robbins's request, the court concludes that Robbins lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Robbins's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

However, that determination is only half of the court's inquiry. Because the court is granting Robbins's Request to Proceed in District Court without Prepaying the Filing Fee, the court must proceed with the second step of the analysis under 28 U.S.C. § 1915 and determine whether the complaint is legally sufficient to proceed.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it is obligated to determine that the case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a

court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint. Robbins states he was a patient of Dr. Laura Kleczka. He alleges that she prescribed him narcotics without adequately educating him about them, leading him to become addicted. (ECF No. 1 at 2.) She then ceased seeing him, forcing him into withdrawal. (ECF No. 1 at 3.) He also alleges that Dr. Kleczka did not monitor his diabetes, "which is extremely out of control now." (ECF No. 1 at 2.)

Federal courts have limited jurisdiction, *see* 28 U.S.C. § 1330 *et seq.*, meaning they can hear only certain types of claims and only under certain circumstances. One such circumstance is if a plaintiff seeks relief under a federal statute—for example, a federal employment discrimination law like Title VII of the Civil Rights Act of 1964.

Although Robbins checked a box on the court's standard complaint form indicating he is "suing for a violation of federal law under 28 U.S.C. § 1331" (ECF No. 1 at 4), there is no hint which federal law might plausibly apply. Robbins's allegations suggest a claim of medical malpractice. Medical malpractice claims are claims arising under state law. *Cf., e.g., Lewis v. McLean*, 864 F.3d 556, 560 (7th Cir. 2017).

Claims that arise under state law can be heard in federal court in only limited circumstances. One such circumstance is if all defendants are residents of different states than the plaintiff and the amount in controversy is more than $75,000. 28 U.S.C. § 1332. Robbins is a citizen of Wisconsin. Nothing in the complaint suggests that Dr. Kleczka is a citizen of a state other than Wisconsin. Robbins provides only her work address, which is in Milwaukee, Wisconsin. Therefore, no basis exists for concluding that complete diversity of citizenship exists. Accordingly, the court will recommend that Robbins's complaint be dismissed for lack of jurisdiction. Robbins's claim may be heard, if at all, only in state court.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that Robbins's complaint and this action be **dismissed for lack of jurisdiction**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may

5

Case 2:18-cv-00990-PP   Filed 07/20/18   Page 5 of 6   Document 6

be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 20th day of July, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge