UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODNEY DEE ROBBINS, JR.,

    Plaintiff,

v.                                                                             Case No. 18-cv-990-pp

DR. LAURA KLECZKA,

    Defendant.

**ORDER ADOPTING RECOMMENDATION (DKT. NOS. 5, 6)
AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

      Magistrate Judge William Duffin screened the plaintiff's complaint and recommended that this court dismiss the case for lack of subject-matter jurisdiction. Dkt. No. 6. Judge Duffin concluded that at most, the plaintiff had stated a state law medical malpractice claim. Id. at 5. The plaintiff filed a timely objection to the recommendation, stating that he assumed that he could bring his case under the Fourteenth Amendment of the United States Constitution because he is a citizen of the United States. Dkt. No. 7.

      A district court judge may accept, reject or modify, in whole or in part, the findings or recommendations a magistrate judge makes in a report and recommendation. Fed. R. Civ. P. 72(b). If a party objects to any part of the report, the district court must review those parts of the report *de novo* (essentially starting anew, without deferring to the magistrate judge's findings). Id.

1

The court has reviewed the plaintiff's complaint under the *de novo* standard. As Judge Duffin explained, a federal court cannot decide a dispute unless it has subject-matter jurisdiction. Federal district courts have subject-matter jurisdiction if the case arises under the Constitution, laws or treaties of the United States. 28 U.S.C. §1331. This is called "federal question" jurisdiction. They also may exercise jurisdiction over a case if the amount of damages is $75,000 or more and the lawsuit is between citizens of different states. 28 U.S.C. §1332. This is called "diversity" jurisdiction. For a court to have subject-matter jurisdiction based on diversity, there must be "complete diversity." "Complete diversity" means diversity "between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." Lincoln Property Co. v. Roche, 546 U.S. 81, 84 (2005).

The plaintiff, who lives in West Allis, Wisconsin, sued his internal medicine doctor, who works at Sargeant Health Center in Milwaukee, Wisconsin. Dkt. No. 1 at 2. He asked the court to prevent the doctor from practicing medicine, to require the doctor to apologize to him and to award him money, as well as to require the doctor to pay for him to go to inpatient drug treatment. Id. at 4.

This court cannot exercise "diversity jurisdiction" over the case, because both the plaintiff and the doctor live in the same state—Wisconsin. That means that this court can have jurisdiction over the case only if the lawsuit involves a "federal question." To determine that, the court must look at what the plaintiff has alleged that the defendant did.

The plaintiff alleges that between 2010 and October 2017, the defendant prescribed him various opiates, including Oxycontin, Oxycodone and Valium. Id. at 2. He says that he was never educated on these drugs, and that he never signed a consent form "until 6 years into [his] addiction." Id. He says he suffered three heart attacks and a stroke, and that he now has coronary artery disease; he also says that the defendant did not monitor his diabetes. Id. The plaintiff alleges that in October 2017, the defendant conducted an "unknown" urine screen, then waited fifteen days until having a nurse call to tell him he'd tested positive for cocaine; the plaintiff alleges that this was false. Id. at 3. He says that the defendant then "cold turkey" told him she would not see him anymore, and did not give him anything for his withdrawal symptoms. Id. According the plaintiff, he has suffered depression, nervous twitches, has had several emergency room visits, has attempted suicide, has tried heroin and has lost the majority of his teeth. Id.

Judge Duffin reviewed these facts and concluded that the complaint contained "no hint which federal law might plausibly apply." Dkt. No. 5 at 5. Judge Duffin concluded that the plaintiff was alleging that the defendant had committed malpractice, which is a state-law personal injury, or "tort," cause of action. Because he found that the plaintiff had stated a state-law claim, and had not stated a federal claim, Judge Duffin recommended that this court dismiss the complaint. Id.

In his objection, the plaintiff said that he assumed that a citizen of the United States, protected by the Fourteenth Amendment's requirement that no

3

state can deprive a person of life, liberty or property without due process of law or deny people equal protection of the law, could sue in federal court. Dkt. No. 7 at 1. He also stated that the reason he checked the "federal" box on his complaint was because "medical malpractice does fall under federal guidelines." Id. He asked "that the medical malpractice [he] alleg[ed] be dealt with in an orderly fashion under the federal guidelines that pertain to it." Id. at 2.

The plaintiff is correct that the Fourteenth Amendment prohibits a *state* from taking a person's life, liberty or property without first providing that person with due process. But the defendant, Dr. Laura Kleczka, is not an employee of the state of Wisconsin. The plaintiff alleges that she is a private doctor at Froedert Hospital, a private medical provider. The Fourteenth Amendment also prohibits *states* from denying people equal protection under the law, but again, the defendant does not work for the state of Wisconsin. Nor has the plaintiff alleged that the defendant treated him differently from others because of race, ethnicity, age, religion or some other prohibited reason. The Fourteenth Amendment does not apply to the plaintiff's claims.

The court is not aware of any "federal guidelines" governing medical malpractice. There is no federal law that prohibits a doctor from committing malpractice. A Wisconsin resident who believes that his doctor has committed malpractice can sue in Wisconsin state court under Wisconsin common-law negligence principles, see, *e.g.*, Estate of Hegarty *ex rel.* Hegarty v. Beauchaine, 727 N.W.2d 70, 159 (Ct. App. 2006), but the only way a *federal* court can

4

decide such a state-law claim is if the plaintiff and the defendant are from different states, and the plaintiff is suing for more than $75,000. That is not the case here.

Finally, the court notes that in his objection, the plaintiff asked that if he made an error in assuming that he could file his malpractice claims in federal court, the case "be amended to our state jurisdiction . . . ." Dkt. No. 7 at 2. This court cannot "amend" a complaint to make it a state-court complaint, nor can this court transfer a case filed in federal court to state court. If the plaintiff wants to pursue his claims in state court, he must file a new complaint in Milwaukee County Circuit Court.

The court **ADOPTS** the recommendation of the magistrate judge to dismiss for lack of subject-matter jurisdiction. Dkt. Nos. 5, 6.

The court **ORDERS** that this case is **DISMISSED** for lack of subject-matter jurisdiction. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Sometimes, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must

be filed within **twenty-eight (28)** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects the plaintiff to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 19th day of November, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**